UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VICKY CARRERO,**

    **Plaintiff,**

vs.                                    Case No.:

**ADVENTIST HEALTH
SYSTEM/SUNBELT, INC.
D/B/A ADVENTHEALTH
ORLANDO, a Florida Not For
Profit Corporation,**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, VICKY CARRERO ("Carrero" or "Plaintiff"), an individual, by and through the undersigned attorney, hereby files her Complaint and Demand for Jury Trial against Defendant, ADVENTIST HEALTH SYSTEM/SUNBELT, INC. D/B/A ADVENTHEALTH ORLANDO ("Advent Health" or "Defendant"), a Florida Not For Profit Corporation, and in support of states the following:

**PRELIMINARY STATEMENT**

1.    This is an action seeking declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's violations of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA"), and the Florida Civil Rights Act of 1992, Florida Statute §§ 760.10, et seq. ("FCRA").

1

2.  This case is based on Defendant's unlawful employment practices against Plaintiff, including discrimination, against Plaintiff because of her age.

3.  Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

## PARTIES

4.  Plaintiff, Carrero, is a citizen and resident of Orange County, Florida.

5.  Defendant, Advent Health, is a Florida Not For Profit Corporation with its principle place of business in Orange County, Florida.

6.  Carrero is a former employee of Defendant.

7.  Carrero was employed by Advent Health in Orange County, Florida.

## JURISDICTION AND VENUE

8.  This Court has federal question jurisdiction of the claims herein under 28 U.S.C. §§ 1331 and 1343.

9.  This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the FCRA pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district. The events giving rise to this action occurred under the laws of the United States. See

also 28 U.S.C. § 2000e-5(f)(3).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Before commencing this action, Plaintiff dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

12. Plaintiff filed the Charge with the EEOC within 300 days of the occurrence of one or more of the alleged employment practices that violated ADEA and the FCRA.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On or about October 9, 2024, the EEOC issued Plaintiff a Notice of Right to Sue attached hereto and marked as Exhibit A.

15. Plaintiff is filing her Complaint within 90 days of receiving that Notice of Right to Sue.

16. Any and all other prerequisites to the filing of this suit have been met.

**GENERAL FACTS**

17. Advent Health is a medical services provider.

18. Advent Health employs more than twenty (20) employees.

19. Carrero was an employee of Advent Health beginning in 2011.

20. At all relevant times hereto, Advent Health met the definition of "employer" under all applicable statutes.

21. At all relevant times hereto, Carrero met the definition of "employee" under all applicable statutes.

22. Carrero was last employed by Advent Health as an Assistant Nurse Manager.

23. Carrero was forty-nine (49) years old at the time of her termination.

24. Carrero's age entitled her to protection from workplace age discrimination under both the ADEA and the FCRA.

25. Carrero had successfully performed the material duties of her positions throughout her employment. This is evinced by the fact that Carrero worked for the Defendant for over a decade.

26. Carrero had previously managed a forty-bed surgical unit for six years. At that time, she had eighty-five direct reports and five Assistant Nurse Managers reporting to her.

27. Based on all of this experience, Carrero was qualified to be an Assistant Nurse Manager.

28. Carrero served Advent Health for years. It was only once she moved to a different department that she was suddenly singled out and treated less

favorably because of her age.

29. Carrero was the oldest in a department comprised of five people.

30. Carrero's direct supervisor, Rhianna Alana, is in her early thirties and all of the other co-workers were younger than Carrero.

31. Carrero was subjected to multiple comments about her age in the months leading up to her termination.

32. For example, Carrero was often told she was the "**oldest**" employee in the department by her co-workers.

33. Carrero's co-workers called her "**mom**" while she worked.

34. Carrero was also told "you are **old**, but not the oldest," at the Company.

35. In September 2022, Carrero was coached about her performance by Ms. Alana and, consistent with the comments about her age in recent months, was told things were moving "**faster now**" and work may be "**too fast**" for Carrero.

36. Ms. Alana's entire criticism of Carrero was based on Carrero allegedly not moving fast enough.

37. In January 2023, Ms. Carrero was reprimanded for a timecard issue. The timecard error was that Carrero had performed work from home without being authorized and then she asked a different supervisor to approve the timecard once she was back at the hospital. This action was a common way of

getting payroll and timecards completed on time.

38. Moreover, it was not uncommon for nurses to perform administrative work from home and then have an available manager approve time records once back at the hospital

39. However, Advent Health treated only Carrero as having committed time fraud.

40. Later that same month, Carrero worked from home under the same circumstances at least twice with no issue.

41. Younger co-workers also worked from home and changed their timecards to fit the work they did without any adverse action taken against them. Again, these practices were routine in the department.

42. All Carrero had to do was remove the day in question from her timecard, but Ms. Alana reported it to HR before she got the chance to fix the time record.

43. At no time did Carrero lie that she had been in the hospital on the day in question nor did she intentionally attempt to steal a full day of work. She simply put the actual day she did payroll on the timesheet.

44. During the coaching for the timecard, Ms. Alana told Carrero "you are the **oldest** one here and know better."

45. Again, Ms. Alana's criticism of Ms. Carrero was targeted at her age.

46. On February 15, 2023, only a month later, Ms. Carrero was terminated.

47. After years of dedicated service, Carrero was not even paid her earned Paid Time Off balance.

48. Defendant told Carrero she was terminated for moving "too slow."

49. Defendant also told Carrero that she was terminated because she ignored her supervisors, was not willing to learn a new task, and had a poor attitude when she refused to help an employee access a medicine cabinet.

50. However, the reasons for terminating Carrero were simply not true or an exaggeration. First, Carrero had not realized she had been flagged into the supervisor's office. Once she did realize it, she went back into the office and everyone involved laughed. Yet, this was counted as a reason for termination. Second, Ms. Carrero did assist an employee to gain access to medicine on the same day (2/8/23) that it was requested. Carrero's action of helping the co-worker access the medicine was documented in chat programs and emails and even acknowledged by Ms. Alana. Yet, this was counted as a reason for termination. Finally, it was simply false that Ms. Carrero refused to perform work.

51. Advent Health did not treat Carrero's younger coworkers with the same level of scrutiny and discipline with regard to their workplace conduct.

7

52. Advent Health targeted Carrero for "violating" policies that it does not apply or enforce equally.

53. For example, Ms. Alana is a salaried employee who routinely conducted personal activities while she was supposed to be performing work for the Defendant.

54. There are several examples of Ms. Alana taking personal time while being paid by Advent Health with no adverse employment action being taken by Defendant. Ms. Alana went into the office late and left early. Ms. Alana had unexplained personal time blocked on her calendar (notably, after Ms. Alana accused Carrero of time fraud, she suddenly took away her co-workers' access to her calendar to avoid everyone else realizing she was constantly taking personal time while "on the clock"). Ms. Alana worked from home on random days thereby leaving the full workload at the office to Carrero or Julie Barlow (an Assistant Nurse Manager at Advent Health). Ms. Alana would claim that she was working from home all day but her coworkers would not receive any more communications from her after only 10:30am. Ms. Alana would attend virtual medical appointments for herself, personally, while she was supposed to be performing work for Advent Health. Ms. Alana would also leave work for hair and nail appointments that had nothing to do with her job with Defendant.

55. Despite all of the time Ms. Alana used for herself, she was not

terminated nor reprimanded about attendance, punctuality, or timecard issues.

56. Similarly, Ms. Barlow was not subjected to adverse employment actions despite her violations of Defendant's policies in the same department as Carrero. For example, Ms. Barlow was not terminated for openly saying comments such as, "I hate doing the workbook," "I can't run out of here fast enough," "No one is listening to me. I do not want to do the workbook. I'll just walk out," "I don't need this job," "That's not my job" (referring to the incentive workbook), and "Why are they volunteering me, they can pay someone else less than they pay me." Ms. Bartow also called Advent Health's job fair "Homeless Wednesdays Job Fairs." Ms. Bartow also told Ms. Carrero that she just didn't want to enter PRN incentives anymore. This process required multiple steps, so Ms. Barlow simply abandoned her responsibilities.

57. Ms. Barlow was not terminated for blatantly criticizing Advent Health, being openly insubordinate, challenging the Company to fire her, and routinely picking and choosing which of her job duties she would perform.

58. At all material times, Ms. Alana was aware of Ms. Barlow's comments and behavior about not liking her job duties and/or overall criticism of Advent Health.

59. However, Ms. Alana did not terminate Ms. Barlow despite violations

of the same policies used against Carrero.

60. Carrero was terminated for policies such as "Make it easy" "Own it" "Love Me" and "Keep Me Safe" all of which were violated routinely by younger employees.

61. Another example of Advent Health applying its policies unequally is when, in late January 2023, Carrero was tasked with completing the traveler nurse schedules for fifty-four (54) schedules that had not been accounted for by the responsible nurses.

62. None of the responsible nurses were disciplined for failing to complete the schedules.

63. Another example of Advent Health applying its policies unequally is when Advent Health leadership approved approximately $50,000 of incentive contracts that had not met the criteria, and yet, no one was reprimanded.

64. Carrero, on the other hand, was reprimanded for truthfully entering the wrong day on one of her timesheets.

65. The multitude of comments about Carrero being "old" and "mom" and "slow" are evidence of age bias by Carrero's younger co-workers and supervisor.

66. Carrero was written up and terminated over policies that younger employees were allowed to violate without any repercussion.

67. Advent Health terminated Carrero on February 15, 2023.

68. Advent Health's actions and comments are evidence of its discrimination against Carrero because of her age.

69. As such, Advent Health violated Plaintiff's rights under the ADEA and the FCRA.

70. Advent Health discriminated against Plaintiff because of her age.

71. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

72. Plaintiff requests a jury trial for all issues so triable.

73. Carrero has retained the undersigned law firm to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

### CAUSES OF ACTION
### COUNT I:
### AGE DISCRIMINATION IN VIOLATION OF THE ADEA

74. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-73 above as if fully set forth in this Count.

75. Plaintiff is over forty years of age and therefore a member of a protected class.

76. Plaintiff was subjected to discriminatory comments about her age.

77. Plaintiff was qualified to perform the duties of her position(s).

78. Defendant treated Plaintiff less favorably than members outside of her protected class.

79. Similarly situated younger employees were not terminated for violating the same policies that the Defendant alleged Carrero violated.

80. Defendant discriminated against Plaintiff because of her age when it gave Carrero a written disciplinary action.

81. Defendant discriminated against Plaintiff because of her age when it terminated Carrero.

82. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the ADEA because it treated Plaintiff less favorably because of her age.

83. Plaintiff suffered an adverse employment action when Defendant gave her written discipline.

84. Plaintiff suffered an adverse employment action when Defendant terminated her.

85. The discrimination to which Plaintiff was subjected was based on her age.

86. Defendant does not have a legitimate, non-discriminatory reason for terminating Plaintiff.

87. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits (including unpaid earned Paid Time Off benefits), future pecuniary losses, liquidated damages, and other non-pecuniary losses.

88. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to ADEA.

89. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests:

a. That the Court declare that Defendant violated the aforementioned causes of action;

b. A jury trial and entry of judgment in her favor;

c. Back pay;

d. Front pay;

e. Liquidated damages;

f. Reasonable attorneys' fees and litigation expenses against Defendant pursuant to ADEA;

  g. Prejudgment interests, and, if applicable, post-judgment interest;

  h. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which she may be entitled; and,

  i. Provide any additional relief that this Court deems just and proper.

## COUNT II : <br> AGE DISCRIMINATION IN VIOLATION OF THE FCRA

90. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-73 above as if fully set forth in this Count.

91. Plaintiff is over forty years of age and therefore a member of a protected class.

92. Plaintiff was subjected to discriminatory comments about her age.

93. Plaintiff was qualified to perform the duties of her position(s).

94. Defendant treated Plaintiff less favorably than members outside of her protected class.

95. Similarly situated male employees were not terminated for violating the same policies that the Defendant alleged that Carrero violated.

96. Defendant discriminated against Plaintiff because of her age when it gave Carrero a written disciplinary action.

97. Defendant discriminated against Plaintiff because of her age when it terminated Carrero.

98. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under the FCRA because it treated Plaintiff less favorably because of her age.

99. Plaintiff suffered an adverse employment action when Defendant gave her written discipline.

100. Plaintiff suffered an adverse employment action when Defendant terminated her.

101. The discrimination to which Plaintiff was subjected was based on her age.

102. Defendant does not have a legitimate, non-discriminatory reason for terminating Plaintiff.

103. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits (including unpaid earned Paid Time off benefits), future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish,

loss of enjoyment of life, and other non-pecuniary losses.

104. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

105. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to the FCRA.

106. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests:

    a.    That the Court declare that Defendant violated the aforementioned causes of action;

    b.    A jury trial and entry of judgment in her favor;

    c.    Back pay;

    d.    Front pay;

    e.    Compensatory damages for emotional pay and suffering;

    f.    Reasonable attorneys' fees and litigation expenses against

Defendant pursuant to the FCRA;

    g.    Prejudgment interests, and, if applicable, post-judgment interest;

    h.    Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which he may be entitled;

    i.    Punitive damages (subject to amendment based on discovery) or such amount awarded by a jury for the aforementioned harms to Plaintiff; and,

    j.    Provide any additional relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this _6th____ day of January, 2025.

                            Respectfully submitted,

                            **/s/ Louis Montone**
                            Louis Montone, Esquire
                            FBN: 0112096
                            Counsel for Plaintiff
                            The Montone Law Firm, P.A.
                            994 Douglas Avenue, Suite 100
                            Altamonte Springs, FL 32714
                            Telephone: (407) 565-8228
                            Facsimile: (877) 587-3481
                            Email: louis.montone@montonelawfirm.com